FILED

2012 APR -3 AM 10: 16

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STICKLER,<br><br>                     Plaintiff,<br><br>vs.<br><br>RICHARD STEWART,<br><br>                     Defendant. | CASE NO. 12-cv-611 – BEN (POR)<br><br>ORDER:<br><br>(1) GRANTING REQUEST TO PROCEED *IN FORMA PAUPERIS*, [Doc. No. 2];<br><br>(2) *SUA SPONTE* DISMISSING COMPLAINT; and<br><br>(3) DENYING AS MOOT MOTION TO APPOINT COUNSEL, [Doc. No. 3]. |

      Plaintiff Pamela Strickler, proceeding *pro se*, has filed a complaint seeking recovery of "legal papers" and a "1998 Toyota Tacoma." [Doc. No. 1.] Plaintiff has not paid the $350 civil filing fee required to commence this action, but has filed a motion to proceed *in forma pauperis*. [Doc. No. 2.] Plaintiff also filed a motion to appoint counsel. [Doc. No. 3.] For the reasons set forth below, the Court hereby **GRANTS** the motion to proceed *in forma pauperis*, *sua sponte* screens and **DISMISSES** the complaint, and **DENIES AS MOOT** the motion to appoint counsel.

## DISCUSSION

**I.   Motion to proceed *in forma pauperis***

      Parties instituting any civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may

proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Having reviewed Plaintiff's declaration in support of her motion to proceed *in forma pauperis*, the Court finds it sufficient to show that she is unable to pay the fees or post securities required to maintain this action. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

II.   ***Sua sponte* screening**

An *in forma pauperis* complaint is subject to mandatory screening. Pursuant to 28 U.S.C. § 1915(e)(2)(B), notwithstanding any filing fee, the Court must dismiss any complaint if at any time the Court determines that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." The *sua sponte* screening is mandatory. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners." (citation omitted)).

In this case, Plaintiff's one-paragraph complaint fails to state any constitutional or statutory ground for relief, nor does it allege any basis for this Court's jurisdiction. Accordingly, the complaint is hereby **DISMISSED** because it fails to allege sufficient factual matter, accepted as true, to state a plausible claim to relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. Plaintiff's complaint is hereby **DISMISSED WITH LEAVE TO AMEND** for failure to state a claim. If Plaintiff wishes to amend her complaint, she should file the amended complaint no later than **April 23, 2012**. In light of the dismissal, Plaintiff's motion to appoint counsel is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: April __, 2012

Honorable Roger T. Benitez
United States District Judge